# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/21/2023 1:58 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

REZA MIRROKNIAN (State Bar Number 193191)
reza@mirroknian.com
AARON J. FARKAS (State Bar Number 305346)
aaron@mirroknian.com
THE MIRROKNIAN LAW FIRM, PC
15760 Ventura Blvd., Suite 2010
Encino, CA 91436
Telephone (818) 784-6080
Facsimile (818) 784-6088
Attorneys for Plaintiff DANIELLE C. DERAS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| DANIELLE C. DERAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOHO HOUSE LLC, a limited liability company; LA 1000 SANTA FE, LLC, a limited liability company; SOHO WAREHOUSE DTLA, an entity of unknown provenance; SOHO HOUSE & CO., an entity of unknown provenance; SOHO HOUSE WEST HOLLYWOOD LLC, a limited liability company; SOHO HOUSE HOLDINGS LIMITED, an entity of unknown provenance; SOHO HOUSE LOS ANGELES, LLC, a limited liability company; DAVID ZALDIVAR, and individual; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.: 23STCV28551<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Sexual Harassment (Gov. Code §12940(j));<br>2. Sexual Assault & Battery;<br>3. Employment Discrimination (Gov. Code § 12940(a));<br>4. Failure to Provide Reasonable Accommodation (Gov. Code § 12940(m));<br>5. Failure to Engage in a Timely Good Faith Interactive Process (Gov. Code § 12940(n));<br>6. Retaliation (Gov. Code §§ 12940(h));<br>7. Failure to Take All Reasonable Steps Necessary to Prevent Discrimination & Harassment from Occurring (Gov. Code § 12940(k));<br>8. Defamation; and<br>9. Intentional Infliction of Emotional Distress.<br>10. Failure to Permit Inspection or Copying of Employment Records<br><br>Amount demanded exceeds $25,000.00<br>[UNLIMITED CIVIL CASE]<br><br>DEMAND FOR JURY TRIAL |

*Complaint for Damages -Page | 1*

Plaintiff, DANIELLE C. DERAS, alleges as follows:

**GENERAL ALLEGATIONS**

1. At all times mentioned in this Complaint, Plaintiff DANIELLE C. DERAS (hereinafter referred to as "PLAINTIFF") was, and is, an individual residing in California.

2. PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, Defendant LA 1000 SANTA FE, LLC was, and is, a limited liability company organized and existing under the laws of the State of California, with its principal place of business and corporate headquarters in Los Angeles County, California.

3. PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, Defendant SOHO WAREHOUSE DTLA was, and is, an entity of unknown provenance.

4. PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, Defendant SOHO HOUSE & CO. was, and is, an entity of unknown provenance.

5. PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, Defendant SOHO HOUSE WEST HOLLYWOOD LLC was, and is, a limited liability company organized and existing under the laws of the State of California, with its principal place of business and corporate headquarters in Los Angeles County, California.

6. PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, Defendant SOHO HOUSE HOLDINGS LIMITED was, and is, an entity of unknown provenance.

7. PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, Defendant SOHO HOUSE LOS ANGELES LLC was, and is, a limited liability company organized and existing under the laws of the State of California, with its principal place of business and corporate headquarters in Los Angeles County, California.

8. PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned in this Complaint Defendants LA 1000 SANTA FE, LLC, SOHO WAREHOUSE DTLA, SOHO HOUSE & CO., SOHO HOUSE LLC, SOHO HOUSE WEST HOLLYWOOD LLC, SOHO HOUSE

HOLDINGS LIMITED, SOHO HOUSE LOS ANGELES, LLC, (collectively referred to as "DEFENDANT EMPLOYERS") acted in the capacity of joint employers with respect to PLAINTIFF's employment.

9. PLAINTIFF is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, Defendant DAVID ZALDIVAR (hereinafter referred to as "ZALDIVAR") was, and is, an individual residing in California.

10. PLAINTIFF is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's injuries as herein alleged were proximately caused by the aforementioned Defendants.

11. PLAINTIFF is informed and believes and on that basis alleges that, at all relevant times, each of the Defendants, whether named or fictitious, was the agent, employee or alter ego of each of the other Defendants, and in doing the things alleged to have been done in the Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

12. The unlawful employment practices complained of herein occurred in Los Angeles County, California.

13. This action is brought pursuant to Fair Employment and Housing Act (FEHA)—Government Code sections 12900-12996—and the corresponding regulations promulgated by the California Fair Employment and Housing Council.

## FACTUAL ALLEGATIONS

14. DEFENDANT EMPLOYERS run a social club and hotel.

15. Membership in this club is very selective and members are drawn mainly from the media, arts, and fashion industries.

16. PLAINTIFF began working for DEFENDANT EMPLOYERS, at its Los Angeles, California location, as a Food Runner, in or around February 2022.

*Complaint for Damages -Page | 3*

**17**

17. PLAINTIFF'S job duties included delivering food to DEFENDANT EMPLOYERS' various hotel rooms at its Los Angeles, California location.

18. On or about March 22, 2022, while PLAINTIFF was working for DEFENDANT EMPLOYERS, PLAINTIFF was delivering food to the room where DEFENDANT ZALDIVAR was staying as a guest.

19. Upon reaching this room, DEFENDANT ZALDIVAR told PLAINTIFF to enter his room, and place the food on a table.

20. PLAINTIFF complied, and DEFENDANT ZALDIVAR walked towards her. PLAINTIFF backed away from his advances, but DEFENDANT ZALDIVAR continued to approach her, backing her against a wall.

21. DEFENDANT ZALDIVAR then began to forcefully kiss PLAINTIFF, despite her protests, and without her consent.

22. DEFENDANT ZALDIVAR proceeded to grope PLAINTIFF's buttocks, without her consent. PLAINTIFF attempted to push DEFENDANT ZALDIVAR off of her, but instead, he held her tighter.

23. DEFENDANT ZALDIVAR then attempted to put his hands down her pants, despite her resistance, and without her consent.

24. DEFENDANT ZALDIVAR then proceeded to grab PLAINTIFF'S arm, and guided her hand down his pants, and made her fondle his genitals for his sexual gratification.

25. DEFENDANT ZALDIVAR pushed PLAINTIFF's head down to his genitals, and forced her to kiss his penis, without her consent.

26. PLAINTIFF left the room as soon as she was able to do so.

27. PLAINTIFF promptly notified her manager of this traumatic incident.

28. PLAINTIFF also reported the incident to the Los Angeles Police Department that same day.

29. PLAINTIFF also immediately sought medical treatment related to the sexual assault, and took a protected medical leave of absence at the behest of her crisis therapist.

*Complaint for Damages -Page | 4*

**18**

30. Shortly after returning to work, DEFENDANT EMPLOYERS demoted PLAINTIFF and changed her department.

31. DEFENDANT EMPLOYERS did not institute any new policies to prevent future incidents of sexual harassment from ocurring, nor did they implement any new monitoring systems or emergency alarms for this purpose.

32. In May 2022, DEFENDANT EMPLOYERS issued PLAINTIFF two Performance Improvement Plans.

33. On or about May 27, 2022, PLAINTIFF's medical providers issued a note, which placed PLAINTIFF took a protected leave of absence at the behest of one of her medical providers.

34. Immediately after taking this leave, DEFENDANT EMPLOYERS reduced PLAINTIFF's work hours.

35. On or about June 6, 2022, PLAINTIFF asked her manager if she could leave work early due to a family emergency. The manager permitted her to leave.

36. The next day, on or about June 7, 2022, DEFENDANT EMPLOYERS terminated PLAINTIFF's employment.

37. On or about March 15, 2023, PLAINTIFF exhausted her administrative remedies by timely filing a Complaint of Employment Discrimination, Harassment, and Retaliation before the State of California Civil Rights Department ("CRD") regarding the claims alleged herein against DEFENDANTS

38. The CRD issued an immediate right-to-sue on March 15, 2023.

**FIRST CAUSE OF ACTION**

**(Sexual Harassment, Pursuant to Government Code § 12940(j),**

**Against All Defendants, and DOES 1 through 10, Inclusive)**

39. PLAINTIFF re-alleges and incorporates paragraphs 1 through 38, inclusive, of this Complaint, as though fully set forth herein.

40. Pursuant to Government Code section 12940, subdivision (j)(1), it is an unlawful employment practice for an employer to harass an employee based on, among other things, that employee's sex.

*Complaint for Damages -Page | 5*

**19**

41. An employer is liable for sexual harassment by a third-party, if the employer knew or should have known of the harassment and failed to take appropriate corrective action.

42. An employer is liable regardless of knowledge if the acts were carried out by an agent or supervisor.

43. DEFENDANT ZALDIVAR, engaged in unlawful conduct in violation of FEHA by making unwanted sexual advances, and engaging in unwanted touching and harassing conduct towards PLAINTIFF, a woman, based on her sex.

44. DEFENDANT ZALDIVAR's conduct was both objectively and subjectively severe and pervasive, and created a hostile and abusive work environment for PLAINTIFF.

45. DEFENDANT EMPLOYERS also knew, or should have known, of DEFENDANT ZALDIVAR's conduct, and failed to take immediate and appropriate corrective action to prevent it from occurring.

46. As a direct, foreseeable, and proximate result of the actions of DEFENDANT ZALDIVAR and DEFENDANT EMPLOYERS, PLAINTIFF has suffered and continues to suffer aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

47. As a further proximate result of the conduct of DEFENDANT ZALDIVAR and DEFENDANT EMPLOYERS, as described in this Complaint, PLAINTIFF has incurred, and will continue to incur, medical expenses in an amount according to proof at the time of trial.

48. PLAINTIFF, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965, subdivision (b).

### SECOND CAUSE OF ACTION

**(Assault & Battery Against DEFENDANT ZALDIVAR, and DOES 11 through 20, Inclusive)**

49. PLAINTIFF re-alleges and incorporates paragraphs 1 through 48, inclusive, of this Complaint, as though fully set forth herein.

50. On or about March 22, 2022, DEFENDANT ZALDIVAR engaged in unwanted and non-consensual touching of PLAINTIFF, including groping, kissing, forcing her to manipulate his genitals with her hand, and forcing her to kiss his penis.

51. These actions by DEFENDANT ZALDIVAR, which were not consented to by PLAINTIFF, were committed by DEFENDANT ZALDIVAR with the intent to harm or offend and thereby constituted assault and battery.

52. As a proximate result of the actions of DEFENDANT ZALDIVAR, PLAINTIFF has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

53. As a further proximate result of the actions of DEFENDANT ZALDIVAR, PLAINTIFF has suffered, and continues to suffer, humiliation, embarrassment, severe emotional distress, and mental anguish, all to PLAINTIFF's damage in an amount according to proof at the time of trial.

54. In doing the acts herein alleged, DEFENDANT ZALDIVAR acted with oppression, fraud, malice, and in the conscious disregard of the rights of PLAINTIFF; therefore, PLAINTIFF is also entitled to punitive damages in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### (Unlawful Discrimination, Pursuant to Government Code § 12940(a),

### Against DEFENDANT EMPLOYERS and DOES 21 through 30)

55. PLAINTIFF re-alleges and incorporates paragraphs 1 through 54, inclusive, of this Complaint, as though fully set forth herein.

56. Under Government Code section 12940, subdivision (a), it is an unlawful employment practice for an employer to refuse to hire or employ a person, or to discriminate against a person in the terms, conditions, or privileges of employment on the basis of, among other things, the person's disability and/or perceived disability and sex and/or gender.

57. At all times mentioned in this Complaint, DEFENDANT EMPLOYERS regularly employed fifty or more persons, bringing DEFENDANT EMPLOYERS within the provisions of FEHA (including the California Family Rights Act - "CFRA"), which prohibits employers or their

*Complaint for Damages -Page | 7*

agents from, among other things, discriminating against employees on the basis of the employee's disability and/or perceived disability and sex and/or gender.

58. At all relevant times mentioned in this Complaint, up to and including the date that DEFENDANT EMPLOYERS transferred PLAINTIFF, reduced her work hours, and failed to compensate her for work performed, PLAINTIFF suffered from disabilities which limited at least one major life activity—working. Alternatively, DEFENDANT EMPLOYERS regarded PLAINTIFF as disabled.

59. DEFENDANT EMPLOYERS were at all times aware of PLAINTIFF's disabilities via communication with PLAINTIFF, as well as through PLAINTIFF's medical records and return to work notes.

60. At all times mentioned in this Complaint, PLAINTIFF was qualified for, and could perform the essential functions of, her position or another open position with DEFENDANT EMPLOYERS, with or without a reasonable accommodation.

61. DEFENDANT EMPLOYERS engaged in unlawful employment practices in violation of FEHA by demoting PLAINTIFF, changing her department, and terminating PLAINTIFF on the basis of PLAINTIFF's disabilities and/or perceived disabilities, sex and/or gender, and for engaging in protected activities.

62. PLAINTIFF believes and alleges that PLAINTIFF's disabilities and/or perceived disabilities, sex and/or gender, and her engaging in protected activities, were substantial and determining factors in DEFENDANT EMPLOYERS' decision to demote PLAINTIFF, change her department, and terminating PLAINTIFF on the basis..

63. As a direct, foreseeable, and proximate result of DEFENDANT EMPLOYERS' discriminatory acts, PLAINTIFF has suffered, and continues to suffer, aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

64. As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, PLAINTIFF has incurred, and will continue to incur, medical expenses in an amount according to proof at the time of trial.

65. In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of PLAINTIFF; therefore, PLAINTIFF is also entitled to punitive damages in an amount according to proof at the time of trial.

66. PLAINTIFF, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965, subdivision (b).

## FOURTH CAUSE OF ACTION

**(Failure to Provide Reasonable Accommodations, Pursuant to Government Code § 12940(m), Against DEFENDANT EMPLOYERS and DOES 31 through 40)**

67. PLAINTIFF re-alleges and incorporates paragraphs 1 through 66, inclusive, of this Complaint, as though fully set forth herein.

68. Government Code section 12940, subdivision (m), provides that it is unlawful for an employer to fail to make reasonable accommodation for an applicant or employee with a disability or medical condition. The employer also has an affirmative duty to, among other things, inform employees and applicants with a disability of other job opportunities, and ascertain whether the employee or applicant is interested in, or qualified for said positions. Additionally, an employer who regards an employee or applicant as disabled also has a duty to provide reasonable accommodation for that employee's perceived disability.

69. From the time PLAINTIFF was sexually assaulted by DEFENDANT ZALDIVAR, forward, PLAINTIFF was disabled and/or perceived by DEFENDANT EMPLOYERS as disabled and, as such, DEFENDANT EMPLOYERS, who were aware of PLAINTIFF's disability and/or who regarded PLAINTIFF as disabled, had a duty to provide PLAINTIFF with reasonable accommodation.

*Complaint for Damages -Page | 9*

**23**

70. DEFENDANT EMPLOYERS violated Government Code section 12940, subdivision (m), by refusing to provide reasonable accommodation to PLAINTIFF, and by transferring PLAINTIFF, reducing her work hours, and failing to compensate her for work performed.

71. As a proximate result of DEFENDANT EMPLOYERS' violation of Government Code section 12940, subdivision (m), PLAINTIFF has suffered, and continues to suffer, aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

72. As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, PLAINTIFF has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

73. In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of PLAINTIFF; therefore, PLAINTIFF is also entitled to punitive damages in an amount according to proof at the time of trial.

74. PLAINTIFF, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial,

### FIFTH CAUSE OF ACTION

**(Failure to Engage in a Timely, Good Faith Interactive Process to Determine Effective Reasonable Accommodations, Pursuant to Government Code § 12940(n), Against DEFENDANT EMPLOYERS and Does 41 through 50)**

75. PLAINTIFF re-alleges and incorporates paragraphs 1 through 74, inclusive, of this Complaint, as though fully set forth herein.

76. Pursuant to Government Code section 12940, subdivision (n), it is unlawful for an employer to fail to engage in a timely, good faith interactive process to determine effective reasonable accommodations, if any, for an employee or applicant with a disability. Section 12940, subdivision (n), also requires an employer who regards an employee as disabled to engage that employee in a

*Complaint for Damages -Page | 10*

timely, good faith interactive process to determine effective accommodations for that perceived disability.

77. At all relevant times mentioned in this Complaint, PLAINTIFF was disabled within the meaning of FEHA. Alternatively, DEFENDANT EMPLOYERS perceived PLAINTIFF as being disabled.

78. At all relevant times mentioned in this Complaint, DEFENDANT EMPLOYERS were aware of PLAINTIFF's disability, because PLAINTIFF made it known to DEFENDANT EMPLOYERS by consistently, repeatedly, and frequently informing DEFENDANT EMPLOYERS of the disability, both verbally, as well as in writing. DEFENDANT EMPLOYERS were also aware of PLAINTIFF's need for accommodations through PLAINTIFF's medical records.

79. PLAINTIFF, in good faith, requested that DEFENDANT EMPLOYERS engage in an interactive process to determine an effective reasonable accommodation for her disability.

80. DEFENDANT EMPLOYERS violated Government Code section 12940, subdivision (n), by failing to engage in a good faith interactive process with PLAINTIFF. Instead, DEFENDANT EMPLOYERS transferred PLAINTIFF, reduced her work hours, demoted her, and terminated her.

81. As a direct, foreseeable, and proximate result of DEFENDANT EMPLOYERS' failure to engage in the interactive process, PLAINTIFF has suffered, and continues to suffer, aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

82. As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, PLAINTIFF has incurred, and will continue to incur, medical expenses in an amount according to proof at the time of trial.

83. In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of PLAINTIFF; therefore, PLAINTIFF is also entitled to punitive damages in an amount according to proof at the time of trial.

84. PLAINTIFF, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965, subdivision (b).

### SIXTH CAUSE OF ACTION

### (Retaliation, Pursuant to Government Code §§ 12940(h) & 12945.2, Against DEFENDANT EMPLOYERS and Does 51 through 60)

85. PLAINTIFF re-alleges and incorporates paragraphs 1 through 84, inclusive, of this Complaint, as though fully set forth herein.

86. Government Code section 12940, subdivision (h), provides that it is unlawful for an employer to discriminate against any person because the person has engaged in protected activities.

87. Government Code section 12945.2 and the corresponding regulations, also known as "CFRA," prohibit employers or their agents from discriminating and/or retaliating against employees who exercise, or intend to exercise, the right to family care and medical leave.

88. PLAINTIFF requested reasonable accommodation for her disability, and she opposed DEFENDANTS' refusal to provide reasonable accommodation, both of which are protected activities under FEHA. PLAINTIFF also exercised her right and/or intention to take time off under FMLA and CFRA. Moreover, PLAINTIFF also reported sexual harassment, another protected activity.

89. In response to PLAINTIFF's protected activities, DEFENDANT EMPLOYERS refused to provide PLAINTIFF with reasonable accommodation and then transferred PLAINTIFF, reduced her work hours, shortly after PLAINTIFF returned from a disability leave.

90. As a proximate result of DEFENDANT EMPLOYERS' actions, PLAINTIFF has suffered, and continues to suffer, aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

91. As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, PLAINTIFF has incurred, and will continue to incur, medical expenses in an amount according to proof at the time of trial.

92. In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of PLAINTIFF; therefore, PLAINTIFF is also entitled to punitive damages in an amount according to proof at the time of trial.

93. PLAINTIFF, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965, subdivision (b).

## SEVENTH CAUSE OF ACTION

**(Failure to Take All Reasonable Steps Necessary to Prevent Discrimination and Retaliation from Occurring, Pursuant to Government Code § 12940(k), Against DEFENDANT EMPLOYERS and Does 61 through 70)**

94. PLAINTIFF re-alleges and incorporates paragraphs 1 through 93, inclusive, of this Complaint, as though fully set forth herein.

95. During the course and scope of PLAINTIFF's employment, DEFENDANT EMPLOYERS failed to prevent the above-referenced acts of discrimination and retaliation towards PLAINTIFF in violation of Government Code section 12940, subdivision (k). DEFENDANT EMPLOYERS' failure to undertake a prompt and adequate investigation and its complete failure to prevent the above-alleged acts of discrimination/retaliation constitutes an unlawful employment practice.

96. As a proximate result of DEFENDANT EMPLOYERS' violation of Government Code section 12940, subdivision (k), PLAINTIFF has suffered, and continues to suffer, aggravation of her injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

97. As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, PLAINTIFF has incurred, and will continue to incur, medical expenses in an amount according to proof at the time of trial.

98. In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of PLAINTIFF; therefore, PLAINTIFF is also entitled to punitive damages in an amount according to proof at the time of trial.

99. PLAINTIFF, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965, subdivision (b).

### EIGHTH CAUSE OF ACTION

### (Defamation Against All Defendants and Does 71 through 80)

100. PLAINTIFF re-alleges and incorporates paragraphs 1 through 99, inclusive, of this Complaint, as though fully set forth herein.

101. From the time PLAINTIFF became disabled and continuing through the present, DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR intentionally, willfully, purposefully and maliciously published and republished orally and in writing, certain slanderous and defamatory statements and insinuations of fact about PLAINTIFF that were untrue.

102. The statements and/or words were heard by persons employed by DEFENDANT EMPLOYERS, prospective employers of PLAINTIFF, DEFENDANT ZALDIVAR, and several other persons whose names are not known to PLAINTIFF.

103. The statements and/or words were slanderous per se because they tend to injure PLAINTIFF in her profession, trade or business by imputing to her a general disqualification in those respects that the occupation peculiarly requires or something that has a natural tendency to lessen the profits of PLAINTIFF's occupation.

104. The statements and/or words uttered were a false statement because PLAINTIFF is a highly trained and qualified Food Runner.

105. The statements and/or words carried a defamatory meaning because they tend to depict PLAINTIFF as incompetent and unfit to work in her chosen profession.

106. DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR were aware of the fact that the statements and/or words were about PLAINTIFF and said statements and/or words

*Complaint for Damages -Page | 14*

injured, and continue to injure, PLAINTIFF in her business, trade, profession and/or occupation. DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR were aware of the defamatory nature of their statements and/or words and the statements and/or words were not privileged.

107. As a proximate result of the statements and/or words of DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR, PLAINTIFF has suffered general damages to her reputation as well as substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

108. As a further proximate result of the statements and/or words of DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR, PLAINTIFF has, suffered and continues to suffer, humiliation, embarrassment, emotional distress, and mental anguish, all to PLAINTIFF's damage in an amount according to proof at the time of trial.

109. The above-described statements and/or words were spoken by DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR with malice, oppression, and fraud in that they were intentional misrepresentations spoken with a willful and conscious disregard for the rights and safety of PLAINTIFF and intended to cause injury to PLAINTIFF as well as subject PLAINTIFF to cruel and unjust hardship, and thus an award of exemplary and punitive damages is justified.

## NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress against all Defendants and DOES 81 through 90)

110. PLAINTIFF re-alleges and incorporates paragraphs 1 through 109 inclusive, of this Complaint, as though fully set forth herein.

111. The conduct of DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR, as set forth above, was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside the compensation bargain. DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR's conduct was intended to cause PLAINTIFF severe emotional distress, or was done in conscious disregard of the probability of causing severe emotional distress. DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR's conduct was also in direct violation of California law and public policy.

112. As a proximate result of the wrongful conduct of DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR, PLAINTIFF has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

113. As a further proximate result of the wrongful conduct of DEFENDANT EMPLOYERS and DEFENDANT ZALDIVAR, PLAINTIFF has suffered and continues to suffer humiliation, embarrassment, severe emotional distress, and mental anguish, all to PLAINTIFF's damage in an amount according to proof at the time of trial.

114. In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their managing agents, and DEFENDANT ZALDIVAR, acted with oppression, fraud, malice, and in the conscious disregard of the rights of PLAINTIFF; therefore, PLAINTIFF is also entitled to punitive damages in an amount according to proof at the time of trial.

## TENTH CAUSE OF ACTION

### (Failure to Permit Inspection or Copying of Employment Records Against DEFENDANT EMPLOYERS and Does 91 through 100)

115. PLAINTIFF re-alleges and incorporates paragraphs 1 through 114, inclusive, of this Complaint, as though fully set forth herein.

116. California Labor Code section 226, subdivisions (b), and (c), require an employer to permit a current or former employee to inspect or copy certain employment records upon reasonable request, as soon as practicable, but in no event later than twenty-one (21) days after the request.

117. California Labor Code section 226, subdivision (f) provides that an employee aggrieved by a violation of section 226, subdivision (c) is entitled to recover a penalty from the employer in the amount of seven hundred and fifty dollars ($750.00).

118. California Labor Code section 1198.5 requires an employer to allow a current or former employee to inspect and/or receive a copy of his or her personnel file within thirty (30) days of the request.

119. Pursuant to Labor Code section 1198.5, subdivision (k), the penalty for an employer failing to allow such a disclosure is seven hundred and fifty dollars ($750.00).

120. Despite numerous requests, DEFENDANT EMPLOYERS failed to timely provide PLAINTIFF with a copy of her personnel and payroll records.

121. By their conduct set forth herein, DEFENDANT EMPLOYERS have failed to comply with the provisions of Labor Code sections 226, subdivisions (b), (c), and (f), as well as 1198.5, subdivisions (a), (b) and (k).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays for judgment against Defendants as follows:

a. For compensatory damages including, but not limited to, past and future lost wages and benefits, and past and future emotional distress damages, in excess of the minimum jurisdiction of this Court and according to proof;

b. For declaratory relief and injunctive relief, including reinstatement;

c. For reasonable attorneys' fees pursuant to California law, including, but not limited to, California Government Code section 12965, subdivision (b), and Code of Civil Procedure section 1021.5;

d. For prejudgment interest on all amounts claimed at the maximum legal rate;

e. For costs of suit herein incurred;

f. For exemplary and punitive damages according to proof; and

g. For any other and further relief that the court considers proper.

## REQUEST FOR JURY TRIAL

PLAINTIFF hereby demands a jury in the trial of this matter.

Date: November 21, 2023

THE MIRROKNIAN LAW FIRM
A Professional Law Corporation

_____
REZA MIRROKNIAN
AARON J. FARKAS
Attorneys for Plaintiff DANIELLE C. DERAS

*Complaint for Damages -Page | 17*